## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KAT BAILOT**,

    Plaintiff,

vs.                                                                    **Civ. No. 10-942 JP/RLP**

**UNITED STATES**,

    Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Kat Bailot's motion to proceed *in forma pauperis* ["IFP"], filed October 5, 2010, *see* Doc. 4, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs

. . . and still be able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Bailot, who is 47 years old and apparently unemployed[1], has had 17 years of education; has no dependents; and receives $115/month from gifts and public assistance. *See* Doc. 4 at 1-2, 5. Her spouse earns $1000/month, and the couple has $600 in cash and no debt. *See id.* at 2-4. The couple has no rent or mortgage expenses, but pays $100/month for utilities and $35/month for car insurance as fixed expenses. *See id.* at 4. But Bailot claims that the couple spends an additional $1255/month in nonfixed expenses, like $550/month for food; $200/month for medical expenses; $200/month for clothing, laundry, and dry cleaning; and $100/month for recreation and entertainment – without going into debt. *See id.* at 4. On these facts, Bailot has failed to show that she cannot, because of poverty, provide herself with the necessities of life and pay the filing fee with the $600 cash she has. *See Adkins*, 335 U.S. at 339. Her application to proceed IFP will, therefore, be denied and her Complaint must be dismissed. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

But even if Bailot could show that she is indigent, the Court would dismiss her Complaint. Using a form complaint for actions brought under 42 U.S.C. § 1983, Bailot is attempting to sue the United States and its agency, the Department of Justice. *See* Complaint at 1. But § 1983 claims may not be asserted against the federal government or its agencies. *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, **2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983;" that *Bivens* claims for deprivation of constitutional rights actions "lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work;"

---

[1] The Court notes that Bailot alleges that she has shown art in a Taos, New Mexico gallery. If Bailot sells her art, that is income that she must report on a financial affidavit.

and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes damage claims against the United States government). Bailot names no federal employees in her Complaint.

> The United States may not be sued without its consent. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> * * * *
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted). Bailot does not state in her Complaint what statute waives the United States' sovereign immunity in this case or how this Court has jurisdiction over her suit. *See* FED. R. CIV. P. 8(a)(1) (requiring a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction").

Although her Complaint is difficult to follow, Bailot[2] alleges that she "was a victim of insurance fraud in CA," where the DA "said he would drop all charges against me for my testimony." Complaint at 2. But the state of Florida arrested Bailot and obtained a conviction against her. *See id.* She contends, however, that a judge "exonerated" her a month later, resulting in "no criminal record." *Id.* Bailot alleges that undescribed persons "frivolously" reported her as

---

[2] According to the documents she has filed, Bailot has also been known as Kat Feldman, Katarine Kisch, and Katarine Head.

a felon in a criminal database, resulting in discrimination from employers, the loss of benefits, and unemployment. *Id.* She states that she received a letter from a judge indicating that she "was reduced/charges dismiss to a misdemeanor but the judge never gave me a felony charge to begin with and I had an arrangement to with the DA to trade my charges for my testimony." *Id.* In Count I, Bailot alleges violation of "Amendment 9 and earning a living," and seeks $100 million dollars in damages. *Id.* at 3, 5.

Bailot has filed certain documents under seal as attachments to her Complaint. She attaches a letter from the California Attorney General's office referencing Bailot's 2009 complaint about her "state summary criminal history" that reflected an arrest in 1996. *See* Doc. 3 at 4. In an e-mail sent to the Florida Supreme Court in 2009, Bailot requested that her "felony arrest record" be sealed. *See id.* at 6. There, she complained that she had not been employed since 2001 because her employer discovered her felony-arrest records. *See id.* Bailot further attaches a query result from the Los Angeles, California Superior Courts showing that she was convicted on March 3, 1997 for presenting a "false/fraudulent claim" for payment. *See id.* at 9.

Nothing in her Complaint or in any of the attachments reveals any facts that would give rise to any kind of cognizable federal claim against the United States or the Department of Justice, or that will invoke the subject-matter jurisdiction of this Court. Bailot has been repeatedly instructed on how to state a claim that is sufficient under the Rules, but she appears unable to do so. *See Bailot v. Colorado*, No.10-1102, 2010 WL 2696816 (10th Cir. July 10, 2010); *Bailot v. Colorado*, No. 10-CV-00174-BNB, 2010 WL 677798 (D. Colo. Feb 24, 2010), *reconsideration denied by Bailot v. Colorado*, No. 10-CV-00174-ZLW, 2010 WL 1687911 (D. Colo. Apr 27, 2010).

**IT IS ORDERED** that Bailot's motion to proceed IFP (Doc. 3) is DENIED and that her action is DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE